UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-mj-8126-RMM

UNITED STATES of AMERICA

V.

JOSE OSMIN MENDEZ-PEREZ,

Defendant.

_____/

FILED BY_____SP_____D.C.

Feb 17, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? NO

2.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? NO

3.  Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? NO

4.  Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? NO

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: _____
Brian D. Ralston
Assistant United States Attorney
Court ID No.: A5502727
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 820-8711
Email: Brian.Ralston@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  26-mj-8126-RMM |
| Jose Osmin Mendez-Perez | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

FILED BY_____ SP _____D.C.

Feb 17, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. -  West Palm Beach

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ February 14, 2026 _____ in the county of _____ Palm Beach _____ in the
____ Southern ____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-entry After Removal |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Border Patrol Agent Richard Soto Valentin, HSI
_Printed name and title_

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  Facetime

Date:  2/17/26

_____
_Judge's signature_

City and state:  _____ West Palm Beach, Florida _____   Ryon M. McCabe, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Soto Valentin, being duly sworn, depose and state as follows:

1.        I am a Border Patrol Agent ("BPA") for the U.S. Department of Homeland Security, United States Border Patrol, and have served in that position for almost nineteen (19) years.  I am currently assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida.  Previously, from January 2019 to June 2022, I was assigned as a Prosecution Agent to the West Palm Beach Station.  Form February 2015 to March 2017, I was detailed to the Drug Enforcement Administration ("DEA") Resident Office in Port St Lucie, Florida.  During my tenure at the DEA, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering.  From March 2012 to June 2014, I was detailed to Homeland Security Investigations ("HSI") in Arecibo, Puerto Rico. During my tenure at HSI, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering and illegal weapons violations.  Prior to becoming a Federal Agent, I was a state Criminal Investigator in the Puerto Rico Police Department for a period of eleven (11) years.  I was assigned to the Narcotic Division as a Criminal Investigator.  I have attended the United States Border Patrol Agent Academy, at the Federal Law Enforcement Training Center, in Artesia, New Mexico.  I have received specialized training regarding the investigation and enforcement of United States Immigration Laws.  In the capacity of a Border Patrol Agent, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, 19, and 21 of the United States Code.  As a federal law enforcement agent, I have the authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

2.    This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers.  This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that MENDEZ-PEREZ, Jose Osmin, also known as PEREZ-MENDEZ, Jose Osmin ("MENDEZ-

PEREZ"), committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 826 (a) (1).

3.      On February 14, 2026, deputies from the Palm Beach County Sheriff's Office (PBSO) encountered MENDEZ-PEREZ, Jose Osmin, and a group of four (4) other males openly consuming alcoholic beverages at 1505 Lucerne Avenue in Lake Worth Beach, Florida. PBSO deputies contacted the Interoperability Response Center (IRC) to determine the subjects' immigration status. It was determined that MENDEZ-PEREZ and the other (4) subjects were unlawfully present in the United States.

4.      MENDEZ-PEREZ, along with the other subjects, were placed under arrest and transported to the West Palm Beach Border Patrol Station for further investigation and processing.

5.      At the station, MENDEZ-PEREZ's fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database.

6.   The query on MENDEZ-PEREZ's fingerprints resulted in a positive match indicating that he had a prior immigration history under alien registration file A*** ***053, and FBI**AH6. The immigration electronic records and alien file assigned to MENDEZ-PEREZ shows that he is a native and citizen of El Salvador.

7.      Investigation revealed that On July 26, 2025, Deportation Officers (DO) from Immigration and Customs Enforcement (ICE/ERO) encountered and arrested MENDEZ-PEREZ in Lantana, Florida and was processed as a Voluntary Departure. On August 15, 2015, MENDEZ-PEREZ was removed from Harlingen, Texas to his native country, El Salvador. On September 30, 2025, MENDEZ-PEREZ was encountered and arrested by Border Patrol Agents in Harlingen, Texas, and was processed as Expedited Removal. On October 15, 2025, MENDEZ-PEREZ was removed from Harlingen, Texas to his native country, El Salvador.

8. The record checks through the Department of Homeland Security (DHS) CLAIMS database failed to locate any evidence indicating that MENDEZ-PEREZ had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

9. Based on the foregoing, I submit that probable cause to believe exists that, on or about February 12, 2026, MENDEZ-PEREZ, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) (1).

Richard Soto Valentin
Border Patrol Agent
United States Border Patrol

Subscribed and sworn to before me, by videoconference, in accordance with the requirements of Fed. R. Crim. P. 4.1, on this _17_ day of February 17, 2026.

RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:** <u>Jose Osmin Mendez-Perez</u>

**Case No:** <u>26-mj-8126-RMM</u>

Count #: 1

<u>Illegal Re-entry into the United States After Removal</u>

<u>8 U.S.C. § 1326(a)</u>
* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $250,000
* **Special Assessment:** $100

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**